BRIDGEPORT HARBOUR PLACE I, LLC *v.*
JOSEPH P. GANIM ET AL.
(AC 28767)

McLachlan, Robinson and Hennessy, Js.

198

Argued September 11—officially released November 11, 2008

*William F. Gallagher*, with whom, on the brief, were *Hugh D. Hughes*, *William J. Sweeney* and *R. Bartley Halloran*, for the appellant (plaintiff).

*Kurt F. Zimmermann*, with whom, on the brief, was *Leonard K. Atkinson*, for the appellee (named defendant).

*Sandra L. Snaden*, with whom, was *Hubert J. Santos*, for the appellee (defendant Charles J. Willinger, Jr., et al.).

*Trisha M. Morris*, with whom, on the brief, was *Ira B. Grudberg*, for the appellees (defendant Alfred Lenoci, Sr., et al.).

*C. Christian Young*, for the appellee (defendant Alfred Lenoci, Jr., et al.).

*Thomas L. Kanasky, Jr.*, for the appellee (defendant Joseph T. Kasper, Jr.).

*Jeffrey J. White*, with whom, on the brief, were *Craig A. Raabe* and *Edward J. Heath*, for the appellee (defendant city of Bridgeport).

*David J. Hatem*, pro hac vice, *Deborah S. Russo* and *Patricia B. Gary*, pro hac vice, filed a brief for the appellee (defendant HNTB Corporation).

*Opinion*

McLACHLAN, J. The plaintiff, Bridgeport Harbour Place I, LLC, appeals from the judgment of the trial court rendered following the granting of the motions to strike the amended complaint filed by the defendants Joseph P. Ganim; the city of Bridgeport; Alfred Lenoci, Sr.; Alfred Lenoci, Jr.; United Properties, Ltd.; 815 Lafayette Centre, LLC; United Investments, LLC; United Environmental Redevelopment, LLC; Crescent Avenue Development Company, LLC; Charles J. Willinger, Jr.; Willinger, Willinger & Bucci, P.C.; Joseph T. Kasper, Jr.; Kasper Group, Inc.; and Michael Schinella.[1] The plaintiff claims that its antitrust action improperly was stricken because it had alleged a relevant market and sufficient

---

[1] Harbor Communications, Inc., and HNTB Corporation also were named as defendants in this action. The plaintiff withdrew the complaint as to Harbor Communications, Inc., prior to the filing of the initial motions to strike the complaint. The appeal was withdrawn as to the defendant HNTB Corporation on the day of oral argument with permission of this panel.

facts to support its claim of anticompetitive or monopolistic behavior in that market. We affirm the judgment of the trial court.

The following procedural history and facts, as alleged in the plaintiff's amended complaint, are relevant to our resolution of the issues on appeal. In May, 1997, the city of Bridgeport requested proposals for the site development of a section of waterfront property known as Steel Point. A development proposal submitted by Bridgeport Renaissance Center, later renamed Harbour Place Limited Partnership and subsequently acquired by the plaintiff, was chosen by the city for the project. On November 18, 1998, the city and the plaintiff signed a development agreement. The plaintiff could not fulfill its obligations under the contract, however, due to the successive withdrawals of several financing partners, and the city terminated the contract in March, 2001.

According to the plaintiff, it was prevented from completing the development activities specified in the contract by the unlawful conduct of the defendants. Specifically, the plaintiff alleged that the city's mayor, Ganim, engaged in a contract steering scheme in which his coconspirators, Leonard Grimaldi and Paul Pinto, demanded bribes and kickbacks from businesses seeking city contracts and then divided the proceeds of those illegal payments with Ganim. After the contract had been awarded to the plaintiff, the plaintiff refused to participate in the scheme. Thereafter, Ganim and the other defendants allegedly conspired to deprive the plaintiff of its development rights, through corrupt and illegal means, for their own benefit. Because of the unreasonable delays, conditions and demands imposed on the plaintiff, its three financial partners withdrew from the project, and the plaintiff was unable to fulfill its contractual obligations. From the date it was chosen until it was discharged in March, 2001, the plaintiff had

expended millions of dollars in its attempt to complete the project.

The plaintiff filed a one count complaint on October 19, 2004, claiming that the defendants violated the Connecticut Antitrust Act, General Statutes § 35-24 et seq., by engaging in an illegal conspiracy in restraint of trade. It sought treble damages pursuant to General Statutes § 35-35.[2] Several of the defendants filed motions to strike the complaint on the ground that it failed to state a legally sufficient antitrust claim. The court, *Alander, J.*, granted the motions, concluding that the plaintiff's original complaint failed to allege facts that would establish an actual adverse effect on competition as a whole in the relevant market and failed to allege facts that would constitute price discrimination in violation of General Statutes § 35-45.

The plaintiff timely filed an amended complaint. See Practice Book § 10-44. The amended complaint added one paragraph, alleging, in part, that "[t]he defendants' conduct had an actual adverse effect on competition as a whole in the relevant market of undertaking and completing commercial development in the City of Bridgeport in a timely, cost efficient manner."[3] The other allegations in the amended complaint were the

---

[2] General Statutes § 35-35 provides: "The state, or any person, including, but not limited to, a consumer, injured in its business or property by any violation of the provisions of this chapter shall recover treble damages, together with a reasonable attorney's fee and costs."

[3] The added paragraph, paragraph sixty-nine, states in its entirety: "The defendants' conduct had an actual adverse effect on competition as a whole in the relevant market of undertaking and completing commercial development in the City of Bridgeport in a timely, cost efficient manner. The defendants' conduct as alleged added the extra cost of corrupt paying as demanded. The corruption and payback system of Ganim, Grimaldi and Pinto, which operated with the cooperation of the City of Bridgeport officials under the defendant Ganim, including its corporation counsel, leaders of the City Council, its economic director, finance director, zoning officials, comptroller and others caused the market for the commercial development as a whole to be adversely affected."

same as in the original complaint, and the plaintiff did not amend its allegations with respect to price discrimination.[4]

Six of the defendants filed motions to strike the plaintiff's amended complaint, claiming that the plaintiff failed to allege any additional facts that could constitute a cognizable antitrust claim. The court, *Stevens, J.*, heard argument and issued its decision on March 5, 2007, granting the motions of those defendants. In its decision, the court concluded that the allegations in the added paragraph contained only legal or conclusory claims and did not provide a factual basis for an antitrust violation. Further, the court stated that, even if it is assumed that the relevant market was as alleged in the added paragraph, the plaintiff nevertheless failed to allege any facts of a specific nature that demonstrated that the defendants' conduct had an adverse effect on competition in that market. The court noted: "When taken as true, the facts set forth in the first amended

---

[4] Because the stricken complaint and the amended complaint are identical except for the addition of paragraph sixty-nine, we first address the issue of whether the plaintiff has waived its right to appeal in light of this court's decision in *Bross* v. *Hillside Acres, Inc.*, 92 Conn. App. 773, 887 A.2d 420 (2006). "When a [motion to strike] is sustained and the pleading to which it was directed is amended, that amendment acts to remove the original pleading and the [motion to strike] thereto from the case. The filing of the amended pleading is a withdrawal of the original pleading." (Internal quotation marks omitted.) Id., 777–78. This court further determined that if an amended complaint merely restates the original cause of action that was stricken, the plaintiff has waived its right to appeal. If the amended complaint is materially different, however, the plaintiff has not waived its right to appeal. Id., 778.

"[T]he interpretation of pleadings is always a question of law for the court . . . and, thus, our review is plenary." (Citation omitted; internal quotation marks omitted.) *Montanaro* v. *Gorelick*, 73 Conn. App. 319, 323, 807 A.2d 1083 (2002). Unlike the amended complaint, the original complaint in this action did not contain allegations as to a relevant market or the effects on that market. We conclude that the amended complaint is materially different from the original complaint because of those additional allegations. Accordingly, the plaintiff has not waived its right to appeal.

complaint establish that the plaintiff lost its ability to develop a single property, Steel Point, due to the improper conduct of the various defendants. The plaintiff has not alleged any particular facts, however, that would indicate that this action prevented other competitors from developing Steel Point or other properties in Bridgeport under government contracts with the city of Bridgeport, or otherwise hindered competitors in such pursuits."

Subsequently, the remainder of the defendants filed motions to strike the amended complaint on identical grounds. The court granted the motions and, over a period of time, rendered judgment in favor of all of the defendants. This appeal followed.[5]

The standard of review in an appeal from the granting of a motion to strike is well established. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling . . . is plenary. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 667, 748 A.2d 834 (2000). "For the purpose of ruling upon a motion to strike, the facts alleged in a complaint, though not the legal conclusions it may contain, are deemed to be admitted." (Internal quotation marks omitted.) *Murillo* v. *Seymour Ambulance Assn., Inc.*, 264 Conn. 474, 476, 823 A.2d 1202 (2003). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Internal quotation marks omitted.) *Fort*

---

[5] The plaintiff filed its appeal on April 30, 2007, and amended its appeal as the court subsequently rendered judgment in favor of the other defendants.

*Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 498, 815 A.2d 1188 (2003).

The plaintiff's first claim on appeal is that the amended complaint properly alleged a relevant market. "[P]roper analysis in an antitrust case first requires determination of the relevant market . . . . The relevant market for purposes of antitrust litigation is the area of effective competition within which the defendant operates. . . . Market definition generally is a deeply fact-intensive inquiry . . . ." (Citations omitted; internal quotation marks omitted.) *Miller's Pond Co., LLC* v. *New London*, 273 Conn. 786, 814, 873 A.2d 965 (2005). In the present case, the court assumed for purposes of the motions to strike that the relevant market was "commercial development in the city of Bridgeport," as alleged by the plaintiff. The court did not make any conclusions as to that issue. Because it is such a fact intensive issue, it would be the plaintiff's burden to establish the relevant market at the time of trial instead of at this stage of the proceedings. Because the court did not grant the motions to strike on the ground that the plaintiff failed to allege a relevant market, it is not necessary to address this claim.

The plaintiff next claims that the court should not have granted the motions to strike because it properly alleged anticompetitive or monopolistic behavior in that market. Specifically, the plaintiff argues that its allegation that the defendants' conspiracy to exclude competitors in the relevant market had an actual adverse effect on competition was sufficient to allege an antitrust injury pursuant to the state's antitrust act. We disagree.

General Statutes § 35-44b provides that in construing the Connecticut Antitrust Act, "the courts of this state shall be guided by interpretations given by the federal courts to federal antitrust statutes." "Accordingly, we

follow federal precedent when we interpret the [Connecticut Antitrust Act] unless the text of our antitrust statutes, or other pertinent state law, requires us to interpret it differently." *Westport Taxi Service, Inc.* v. *Westport Transit District,* 235 Conn. 1, 15–16, 664 A.2d 719 (1995).

Although the plaintiff alleged in its amended complaint that the defendants' conduct violated the state's antitrust act, the plaintiff does not specify the particular provisions of the act on which it bases its claims. Practice Book § 10-3 (a) provides in relevant part: "When any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number." The defendants have not claimed that the plaintiff failed to apprise them sufficiently of the nature of the action, however, so that its noncompliance with Practice Book § 10-3 (a) will not preclude consideration of the plaintiff's claims. See *Caruso* v. *Bridgeport,* 285 Conn. 618, 627, 941 A.2d 266 (2008).

At the hearing on the defendants' motions to strike the original complaint, the plaintiff's counsel indicated that the plaintiff was claiming violations of General Statutes §§ 35-26 and 35-28.[6] Section 35-26 provides: "Every contract, combination, or conspiracy in restraint of any part of trade or commerce is unlawful." Section 35-28 provides: "Without limiting section 35-26, every contract, combination, or conspiracy is unlawful when the same are for the purpose, or have the effect, of: (a) Fixing, controlling, or maintaining prices, rates, quotations, or fees in any part of trade or commerce; (b) fixing, controlling, maintaining, limiting, or discontinuing the production, manufacture, mining, sale, or supply

---

[6] The plaintiff's counsel, at that time, also indicated that the plaintiff was claiming price discrimination in violation of General Statutes § 35-45. The plaintiff did not amend its allegations as to price discrimination in its amended complaint, however, and that statutory provision is not at issue in this appeal. See footnote 4.

of any part of trade or commerce; (c) allocating or dividing customers or markets, either functional or geographical, in any part of trade or commerce; or (d) refusing to deal, or coercing, persuading, or inducing third parties to refuse to deal with another person." Section 35-28 has no specific counterpart in the federal antitrust statutes but is a codification of federal case law concerning "per se" violations of the Sherman Act, 15 U.S.C. § 1 et seq. See *Miller's Pond Co., LLC* v. *New London,* supra, 273 Conn. 796; *Shea* v. *First Federal Savings & Loan Assn. of New Haven,* 184 Conn. 285, 306, 439 A.2d 997 (1981). On appeal, the plaintiff has not claimed that the defendants' conduct amounted to a "per se" violation of the state's antitrust act. Accordingly, we review the plaintiff's amended complaint to determine whether it has alleged an antitrust claim under § 35-26 only.

Section 35-26 is substantially identical to § 1 of the Sherman Act and applies to contracts, combinations or conspiracies in restraint of trade. *Shea* v. *First Federal Savings & Loan Assn. of New Haven,* supra, 184 Conn. 305. Section 1 of the Sherman Act can be violated either by a specific per se violation or by conduct that is in restraint of trade under a rule of reason analysis. See *Retail Services Associates* v. *ConAgra Pet Products Co.,* 759 F. Sup. 976, 979 (D. Conn. 1991). No per se violation has been alleged; thus, the plaintiff must demonstrate a violation under the rule of reason analysis. "[A] [s]ection 1 claim cannot stand under the rule of reason absent proof of injury to competition in the relevant market. . . . Antitrust injury is a prerequisite to recovery because the antitrust laws were enacted to protect competition, not competitors." (Citation omitted.) Id., 979–80.

"An antitrust injury is an injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful. The injury

should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation." (Internal quotation marks omitted.) *North American Energy Systems, LLC* v. *New England Energy Management, Inc.*, 269 F. Sup. 2d 12, 18 (D. Conn. 2002). "The antitrust injury requirement obligates a plaintiff to demonstrate, as a threshold matter, that the challenged action has had an actual adverse effect on competition as a whole in the relevant market; to prove it has been harmed as an individual competitor will not suffice." (Internal quotation marks omitted.) *George Haug Co.* v. *Rolls Royce Motor Cars, Inc.*, 148 F.3d 136, 139 (2d Cir. 1998). "Under the rule of reason analysis, a plaintiff must demonstrate a precise harm which is a restraint on competition . . . ." *Tower Air, Inc.* v. *Federal Express Corp.*, 956 F. Sup. 270, 285 (E.D.N.Y. 1996).

In the present case, the court concluded that the plaintiff "failed to allege any facts of a specific nature that show that the defendants' conduct had an adverse effect on competition as a whole" in the relevant market, that "the facts set forth in the first amended complaint establish that the plaintiff lost its ability to develop a single property," that the plaintiff "has not alleged any particular facts . . . that would indicate that [the defendants' conduct] prevented other competitors from developing Steel Point or other properties in Bridgeport under government contracts with the city of Bridgeport" and that, accordingly, the plaintiff failed to allege a cognizable antitrust injury. The plaintiff argues that its allegations that the defendants conspired to exclude competition in connection with eight different city projects through commercial bribery and other unlawful acts were sufficient to support the legal conclusion that the defendants engaged in anticompetitive behavior in commercial development in Bridgeport. It

also argues that its allegations concerning the defendants' control of the market through corruption further supports that legal conclusion.

The amended complaint is devoid of factual allegations that would support the legal conclusion that the defendants' conduct had an adverse effect on competition as a whole in the relevant market. The plaintiff does not allege how the challenged actions decreased competition among developers or how the alleged payback scheme actually affected the marketplace, which allegations are necessary to support a § 35-26 violation under a rule of reason analysis. The plaintiff appears to claim that the very fact that the defendants allegedly required anyone who wanted a city contract in Bridgeport to pay bribes, i.e., they had to "pay to play," automatically results in an anticompetitive effect on the market. The plaintiff can cite no case law in support of such a position.

Moreover, the case law suggests otherwise. In *Federal Paper Board Co.* v. *Amata*, 693 F. Sup. 1376 (D. Conn. 1988), the court concluded that "[t]he payment of bribes by suppliers to a purchasing agent does not by itself establish an anticompetitive effect. . . . [W]ithout allegations of additional facts that demonstrate how those suppliers were precluded from taking competitive actions in order to secure sales with [the purchasing agent], the amended complaint does not sufficiently allege anticompetitive effect." (Citations omitted.) Id., 1383. Similarly, in *Comet Mechanical Contractors, Inc.* v. *E. A. Cowen Construction, Inc.*, 609 F.2d 404, 406 (10th Cir. 1980), the court found that the plaintiff's claim that it was prevented from securing a mechanical subcontract because it would not pay a $100,000 bribe to the governor did not constitute anticompetitive activity meriting treble damages under the federal antitrust laws. See also *Expert Masonry, Inc.* v. *Boone County, Kentucky*, 440 F.3d 336, 348 (6th Cir.

2006) ("parties may break a host of state or federal laws and regulations in making a side deal or in otherwise circumventing the bidding process in reaching a final arrangement, but they do not breach [s]ection 1 of the Sherman Act where the alleged vertical agreements involve only one buyer and one seller").

We conclude that the court was correct in its determination that the plaintiff's allegations in its amended complaint were insufficient to establish a cognizable antitrust injury. Although other laws may provide remedies for the plaintiff's claims, the present claims as alleged in the amended complaint cannot be converted into a treble damages claim under the antitrust laws.

The plaintiff's final claim on appeal is that the court's ruling is contrary to the provisions of Practice Book § 10-2[7] because it forces the plaintiff to plead evidence to demonstrate the anticompetitive effect of the defendants' conduct. The plaintiff argues that it has complied with Practice Book § 10-2 by fairly apprising the defendants of the state of facts it intends to prove with respect to anticompetitive and monopolistic behavior and that any greater specificity is unnecessary.

The plaintiff's amended complaint contains only conclusory allegations as to the actual adverse effect of the defendants' conduct on the relevant market. The plaintiff is obligated to provide grounds for its claim of entitlement to relief, something more than mere conclusions and the formulaic recitation of the elements of an antitrust cause of action. The plaintiff is not required to provide detailed factual allegations, but it does need to plead something more than conclusory allegations that invite speculation as to the actual effects of the

---

[7] Practice Book § 10-2 provides in relevant part: "Acts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove. . . ."

challenged conduct on the competition in the relevant market. The defect in the plaintiff's amended complaint is not its failure to plead evidence but, rather, its failure to plead any factual basis that supports the claimed antitrust injury. We conclude, therefore, that the court correctly determined that the plaintiff failed to plead a cognizable antitrust claim and properly struck the amended complaint.

The judgment is affirmed.

In this opinion the other judges concurred.