PAUL R. HIMMELSTEIN *v.* TOWN OF
WINDSOR ET AL.
(AC 29821)

DiPentima, Harper and Hennessy, Js.

Argued March 10—officially released July 29, 2009

*Juri E. Taalman*, with whom, on the brief, was *Timothy Brignole*, for the appellant (plaintiff).

*Thomas R. Gerarde*, with whom, on the brief, was *Beatrice S. Jordan*, for the appellee (named defendant).

*Opinion*

DiPENTIMA, J. The plaintiff, Paul R. Himmelstein, appeals from the judgment of the trial court rendered in favor of the defendant town of Windsor.[1] On appeal, the plaintiff claims that the court improperly (1) concluded that the defendant's motion to strike was not fatally defective, (2) struck his nuisance count, (3) considered certain evidence submitted by the defendant in support of its motion for summary judgment and (4) granted the motion for summary judgment. We are not

---

[1] The plaintiff's complaint also named as defendants Kevin Searles, the Windsor chief of police; John Doe, an unnamed agent, servant or employee of the Windsor police department; the Windsor police department; Stephen E. Korta, the commissioner of transportation or a predecessor; and John Doe II, an unnamed agent, servant or employee of the commissioner of transportation. Because the trial court rendered summary judgment as to the town of Windsor only, we refer to it as the defendant. The claims against the remaining defendants had been withdrawn or disposed of at the time of judgment.

persuaded by the plaintiff's arguments and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our discussion. The plaintiff commenced the present action with a seven count complaint filed July 6, 2005. The plaintiff alleged that on July 20, 2004, he was riding his bicycle on Palisado Avenue in the town of Windsor and struck a Windsor police department radar trailer that negligently had been placed in the travel portion of the road by the defendant's police officers.[2] As a result of this collision, the plaintiff claimed to have sustained serious injuries and damages. Count one alleged a breach of General Statutes § 13a-149 against the defendant.[3] Counts two and three directed claims of negligence against the Windsor chief of police and an unnamed agent, servant or employee of the defendant, respectively. Count four set forth an allegation of nuisance against the defendant. Counts five through seven were directed against the state and alleged a breach of General Statutes § 13a-144, negligence and nuisance, respectively.

In a motion filed September 26, 2005, the defendant, the Windsor chief of police, and the unnamed agent,

[2] Specifically, the plaintiff alleged that the defendant, through its employees, improperly had (1) parked, placed, erected or stored the radar trailer in a manner that constituted a hazard and danger to persons lawfully using the breakdown lane, (2) failed to place warning lights, hazard flashers, cones or barrels, signs or any other warning devices to alert and warn persons, (3) failed to illuminate adequately the trailer, (4) failed properly to redirect traffic away from the location of the trailer, (5) failed to move the trailer off the travel portion of the road and place it where it would not impede or endanger persons using the highway and (6) failed to take other necessary and proper measures to ensure the safety of persons using the road.

[3] In counts one and four of his complaint, the plaintiff identified both the town and the Windsor police department as defendants. In its decision on the motion to strike, the court determined that the plaintiff could not maintain a direct cause of action against a police department of a town. Accordingly, it struck those counts insofar as they were directed against the police department. The plaintiff has not challenged that decision on appeal, and, thus, the propriety of that ruling is not before us.

servant or employee of the Windsor police department, moved to strike counts one through four of the plaintiff's complaint. On May 16, 2006, the court granted the motion to strike as to counts two, three and four. Specifically, the court determined, inter alia, that as a matter of law the allegations in the complaint fell within the ambit of § 13a-149, and, therefore, the exclusive remedy available to the plaintiff was a claim pursuant to that statute.

The plaintiff responded by filing an amended complaint on May 31, 2006. Count one set forth an allegation of a breach of the statutory duty in § 13a-149 against the defendant. To preserve his appellate rights, the plaintiff did not replead with respect to the counts that the court had stricken.[4] Counts five through seven again alleged claims of a breach of the statutory duty in § 13a-144, negligence and nuisance against the state. The defendant filed its amended answer on July 12, 2006.

The state previously had moved to dismiss counts six and seven of the complaint. The court granted the state's motion on September 7, 2006, and dismissed those counts.[5] On October 18, 2006, the plaintiff filed a withdrawal of its remaining claim against the state: a violation of the state highway defect statute that had been set forth in count five.

On March 21, 2007, the defendant moved for summary judgment as to count one, the sole remaining cause of

[4] On June 1, 2006, the plaintiff filed a notice of intent to appeal from the decision to strike counts two, three and four of the original complaint. "After a court has granted a motion to strike, the plaintiff may either amend his pleading or, on the rendering of judgment, file an appeal. . . . The choices are mutually exclusive [as] [t]he filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading." (Citation omitted; internal quotation marks omitted.) *St. Denis* v. *de Toledo*, 90 Conn. App. 690, 693–94, 879 A.2d 503, cert. denied, 276 Conn. 907, 884 A.2d 1028 (2005); see also Practice Book § 10-44.

[5] On appeal, the plaintiff does not challenge the court's granting of this motion.

action. On March 6, 2008, the court granted the defendant's motion. The court determined that there was no genuine issue of material fact as to the location of the radar trailer on a state road, and, therefore, the defendant was not the party responsible for that road's maintenance and could not be held liable pursuant to § 13a-149. The court then denied the plaintiff's motion for reargument and reconsideration. This appeal followed.

I

MOTION TO STRIKE

We first address the plaintiff's claims regarding the motion to strike filed by the defendant and granted by the court. On appeal, the plaintiff argues that the court improperly (1) concluded that the motion to strike was not fatally defective and (2) struck his nuisance count. We disagree.

As a preliminary matter, we set forth the relevant legal principles pertaining to a motion to strike. "The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Bernhard-Thomas Building Systems, LLC* v. *Dunican*, 286 Conn. 548, 552–53, 944 A.2d 329 (2008); see also *Heim* v. *California Federal Bank*, 78 Conn. App. 351, 359, 828 A.2d 129, cert. denied, 266 Conn. 911, 832 A.2d 70 (2003); see also Practice Book § 10-39 (a).

A

The plaintiff first argues that the court improperly granted the motion because the motion failed to comply

with the requirements of Practice Book § 10-41. Specifically, he maintains that the defendant's motion to strike failed to enumerate "the specific claim of insufficiency applicable to each numbered count." The plaintiff also contends that setting forth the reasons in the accompanying memorandum of law does not "save the motion from being 'fatally defective.' "

The defendant's motion sought to strike counts one through four of the plaintiff's complaint. The motion then stated: "As is more particularly set forth in the attached supporting memorandum of law, the [c]omplaint fails to state a cause of action upon which relief may be granted for the following reasons: (1) The plaintiff's exclusive remedy against the defendants is pursuant to . . . § 13a-149 . . . (2) [t]he plaintiff's cause of action sounding in nuisance is barred by the exclusivity provision of [§ 13a-149]; (3) [t]he plaintiff's claims against . . . [the Windsor chief of police] and [the unnamed town employee] fail as a matter of law as his exclusive remedy is pursuant to . . . § 13a-149; (4) [t]he plaintiff's claims against [the unnamed town employee] fails as a matter of law as such claims are legally invalid; and (5) [t]he plaintiff's claims against the Windsor [p]olice [d]epartment fail as a matter of law as the police department is not a legal entity amenable to suit." The motion concluded by requesting the court to strike the plaintiff's complaint.

In his objection, the plaintiff argued, inter alia, that the motion to strike was fatally defective because the specific reasons for the claim of legal insufficiencies for counts one through four were not set forth with the specificity as required by Practice Book § 10-41. In his memorandum of law, the plaintiff claimed that the defendant's motion confusingly sought to strike counts one through four, yet also sought to strike the entire complaint. He further argued that the motion failed to enumerate the specific claim of insufficiency applicable

to each numbered count. At the May 1, 2006 hearing on the defendant's motion to strike, the plaintiff renewed his procedural challenge.[6]

In its May 16, 2006 memorandum of decision, the court, *Keller, J.*, rejected the plaintiff's argument that the motion to strike failed to comply with the requirement of our rules of practice. The court stated: "While the [defendant does not] identify the number of the counts being referred to in any of the five paragraphs describing the claimed insufficiencies, [it does] identify in each of those paragraphs the nature of the claim contained in that count or the name of the particular [party] named in that count." It also noted that the request that "the complaint" be stricken appeared to be nothing more than a scrivener's error. Finally, the court observed that neither the court nor the plaintiff had any difficulty in understanding and responding to the defendant's motion.

"Practice Book § 10-41 requires that a motion to strike raising a claim of insufficiency shall distinctly specify the reason or reasons for each such claimed insufficiency. Motions to strike that do not specify the grounds of insufficiency are fatally defective and, absent a waiver by the party opposing the motion, should not be granted." (Internal quotation marks omitted.) *Barasso* v. *Rear Still Hill Road, LLC*, 64 Conn. App. 9, 13, 779 A.2d 198 (2001).

---

[6] "[The Plaintiff's Counsel]: May it please the court, the procedural defect in the motion to strike is not just a small matter. The Supreme Court has spoken to that issue and has indicated that even if you supply the specific reasons in your memorandum, if the motion to strike—

"The Court: Well, the motion says: I hereby move to strike the first, second, third and fourth counts of the complaint.

"[The Plaintiff's Counsel]: Correct, Your Honor. But then the next sentence says that *the complaint* fails to state a cause of action upon which relief can be granted, and then the prayer for relief in the motion itself—and that is the most significant thing—states that they wish to have *the complaint stricken*." (Emphasis added.)

Notwithstanding the general reference to the entire complaint, the defendant's motion presented five specific bases as to why certain counts in the complaint were legally insufficient. We agree with the trial court that those five paragraphs identify the counts sought to be stricken, as well as specify the legal grounds for which the motion to strike should be granted. We conclude that the defendant's motion to strike adequately submitted the issues to the court. See *Rowe* v. *Godou*, 12 Conn. App. 538, 541–42, 532 A.2d 978 (1987), overruled on other grounds, 209 Conn. 273, 550 A.2d 1073 (1988). We decline to exalt form over substance. See, e.g., *Brown* v. *Rosen*, 36 Conn. App. 206, 210, 650 A.2d 568 (1994). Accordingly, the court properly concluded that the defendant's motion to strike was not fatally defective.

## B

The plaintiff next argues that the court improperly struck his nuisance count as to the defendant. Specifically, he claims that his claim of nuisance against the defendant was legally sufficient and that the court prevented him from pleading in the alternative. We are not persuaded.

The following additional facts are necessary for our discussion. In count one of his complaint, as part of his claim of a violation of the municipal highway defect statute, the plaintiff alleged that the radar trailer had been parked, stored or placed in the travel portion of the roadway by agents, servants or employees of the defendant. In count four, the plaintiff set forth a claim of nuisance, simply incorporating his earlier allegation in count one regarding the placement by the defendant or its police department of the radar trailer in the travel portion of the roadway. He then claimed that such actions created a nuisance.

At the outset, it will be helpful to establish certain legal principles relevant to our discussion. Section 13a-149 legislatively abrogated the common-law immunity afforded to municipalities for injuries caused by defective highways. *Martin* v. *Plainville*, 240 Conn. 105, 109, 689 A.2d 1125 (1997).[7] "Under § 13a-149, [a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . We have construed [General Statutes] § 52-557n . . . to provide that, in an action against a municipality for damages resulting from a highway defect, the defective highway statute is the plaintiff's exclusive remedy. . . . [A] highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . ." (Citations omitted; internal quotation marks omitted.) *Ferreira* v. *Pringle*, 255 Conn. 330, 341–42, 766 A.2d 400 (2001); see also *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 192, 592 A.2d 912 (1991). We also note that to fall within the ambit of § 13a-149, a person must simply be on the highway for a legitimate purpose connected with travel and that the defect need not be on the actual traveled portion of the highway. See *Ferreira* v. *Pringle*, supra, 342–43.

1

The plaintiff first argues that his claim of nuisance against the defendant was legally sufficient. Specifically, he claims that the court improperly determined, as a matter of law, that the placement of the trailer constituted a highway defect. We disagree.

We begin by setting forth the definition of a highway defect. Nearly 150 years ago, our Supreme Court stated:

[7] "The first legislative act waiving a municipality's immunity to suit for a defect in a highway appeared in the Acts of 1672." *White* v. *Burns*, 213 Conn. 307, 313, 567 A.2d 1195 (1990).

"Any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result, would generally constitute a defect in the highway." *Hewison* v. *New Haven*, 34 Conn. 136, 142 (1867); see also *Comba* v. *Ridgefield*, 177 Conn. 268, 270, 413 A.2d 859 (1979); *Chazen* v. *New Britain*, 148 Conn. 349, 352, 170 A.2d 891 (1961).

Our next step is recognition of our jurisprudence that clearly establishes that "[w]hether a highway is defective may involve issues of fact, *but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike.*" (Emphasis added.) *Sanzone* v. *Board of Police Commissioners*, supra, 219 Conn. 201; see also *McIntosh* v. *Sullivan*, 274 Conn. 262, 268, 875 A.2d 459 (2005); *Ferreira* v. *Pringle*, supra, 255 Conn. 341–42; *Older* v. *Old Lyme*, 124 Conn. 283, 285, 199 A. 434 (1938); *Bellman* v. *West Hartford*, 96 Conn. App. 387, 394, 900 A.2d 82 (2006); *Sullivan* v. *Norwalk*, 28 Conn. App. 449, 453, 612 A.2d 114 (1992). In other words, the court appropriately conducted the inquiry of whether the allegations contained in count four of the plaintiff's complaint were sufficient to fall within the scope or purview of § 13a-149. See *Ferreira* v. *Pringle*, supra, 337.

The question to be answered, therefore, is whether the court properly determined, as a matter of law, that the facts alleged in the plaintiff's complaint constituted a highway defect. As specifically alleged in the plaintiff's complaint, the radar trailer was an object in the traveled path that necessarily obstructed or hindered the use of the road for the purpose of traveling. In its memorandum of decision, the court stated that the plaintiff clearly alleged "a physical impediment at street level, in the traveled portion of the roadway" that resulted

in the roadway not being reasonably safe for travel. We agree that, as a matter of law, these facts as alleged constituted a highway defect.

The plaintiff argues that issues of fact exist as to whether the placement of the radar trailer was a highway defect or a nuisance. He appears to contend that issues of fact exist as to the location of the radar trailer and the status of the radar trailer as a registered vehicle parked in the breakdown lane.[8] The fatal flaw in these contentions, however, is that the plaintiff's complaint (1) unequivocally alleges that the radar trailer was placed in the travel portion of the roadway and (2) does not contain an allegation as to the status of the radar trailer as a registered vehicle lawfully parked in the breakdown lane.

We carefully have reviewed the allegations contained in count four of the plaintiff's complaint, the defendant's motion to strike and the court's decision granting that motion. We conclude that the court properly determined, as a matter of law, that the specific allegations set forth in count four of the complaint fall within the province of § 13a-149. We note that the absence of citation to § 13a-149 in count four is of no importance, as a complaint may still contain allegations sufficient to invoke that statute. *Ferreira* v. *Pringle*, supra, 255 Conn. 337.

2

Having concluded that the court properly determined that the allegations in count four of the plaintiff's complaint necessarily invoked § 13a-149, we quickly may

---

[8] In support of its motion for summary judgment, the defendant submitted an affidavit stating that the radar trailer was a legally registered motor vehicle with the department of motor vehicles. This fact, however, was not alleged within the four corners of the plaintiff's complaint and therefore was not before the court when deciding the motion to strike. See, e.g., *Bridgeport Harbour Place I, LLC* v. *Ganim*, 111 Conn. App. 197, 201–203, 958 A.2d 210 (2008).

dispose of the claim that the court prevented the pleading of nuisance in the alternative.[9] We conclude, on the basis of controlling case law, that because count four of the complaint set forth an allegation of a municipal highway defect, § 13a-149 was the exclusive remedy available to the plaintiff.

In *Sanzone* v. *Board of Police Commissioners*, supra, 219 Conn. 179, our Supreme Court expressly held: "In short, we construe § 52-557n to provide that an action under the highway defect statute, *§ 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge.*" (Emphasis added; internal quotation marks omitted.) Id., 192; see also *Brennan* v. *Fairfield*, 255 Conn. 693, 701–702, 768 A.2d 433 (2001); *Wenc* v. *New London*, 235 Conn. 408, 409, 667 A.2d 61 (1995); *Steele* v. *Stonington*, 225 Conn. 217, 220, 622 A.2d 551 (1993); *Pratt* v. *Old Saybrook*, 225 Conn. 177, 180, 621 A.2d 1322 (1993); *Cook* v. *Turner*, 219 Conn. 641, 643–44, 593 A.2d 504 (1991).

Following this well established and controlling precedent from our Supreme Court, we conclude that the trial court properly struck count four of the plaintiff's complaint sounding in nuisance. After it determined that the allegations contained in count four invoked § 13a-149 as a matter of law, the nuisance count was legally insufficient and no longer viable.

II

MOTION FOR SUMMARY JUDGMENT

We now address the plaintiff's claims regarding the motion for summary judgment filed by the defendant

[9] We note that as a general rule, "[u]nder our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." *Dreier* v. *Upjohn Co.*, 196 Conn. 242, 245, 492 A.2d 164 (1985); see also Practice Book § 10-25. Had the plaintiff been able to allege facts supporting his claim of nuisance

and granted by the trial court. Specifically, he claims that (1) certain affidavits attached to the defendant's motion for summary judgment failed to establish that no genuine issue of material fact existed and (2) the rendering of summary judgment led to an absurd result with an unintended and unworkable result.[10] We disagree.

On March 21, 2007, the defendant moved for summary judgment, pursuant to Practice Book § 17-44, with respect to count one of the plaintiff's amended complaint. The defendant argued that it was not the party bound to keep the roadway in repair, that the area of the roadway was not defective[11] and that the plaintiff admitted that the defendant's actions were not the sole proximate cause of his accident. On May 9, 2007, the plaintiff filed his objection and memorandum of law and subsequently submitted several addenda. The court heard oral argument from the parties on December 17, 2007.

On March 6, 2008, the court, *Dubay, J.*, issued its memorandum of decision rendering summary judgment in favor of the defendant with respect to the sole remaining count of the plaintiff's amended complaint. The court concluded that the defendant established that there was no genuine issue of material fact that it was not the party bound to maintain the highway at the site

that did not fall within § 13a-149, then such alternative pleading would have been proper. See, e.g., *Read* v. *Plymouth*, 110 Conn. App. 657, 661–62, 955 A.2d 1255, cert. denied, 289 Conn. 955, 961 A.2d 421 (2008).

[10] The plaintiff also claims that General Statutes § 13a-99 imposed a duty on the defendant to maintain all roads within it limits. He maintains that the radar trailer was a defect created by the defendant. As we noted in part I B 2, with respect to claim of a highway defect, § 13a-149 is the exclusive remedy available to the plaintiff. See *Ferreira* v. *Pringle*, supra, 255 Conn. 340–41.

[11] Specifically, the defendant argued that the radar trailer was a legally registered motor vehicle and that pursuant to General Statutes § 14-251, it was permissible to park it on the right side of the roadway.

of the plaintiff's collision with the radar trailer.[12] The court, therefore, did not reach the issues of whether the radar trailer constituted a defect and was the sole proximate cause of the plaintiff's injuries.

## A

The plaintiff first claims that certain affidavits attached to the defendant's motion for summary judgment failed to establish that no genuine issue of material fact existed with respect to the issue of whether the defendant was the party bound to maintain the highway at the locus of his collision with the radar trailer. Specifically, he argues that the court improperly considered certain affidavits submitted by the defendant and that the affidavits failed to establish the placement of the radar trailer prior to his collision with it.

As a preliminary matter, we set forth the well settled standard of review applicable to a trial court's decision to grant a motion for summary judgment. "Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary

---

[12] "The statutory provisions of § 13a-149 have two components that must be met to trigger its application: (1) the plaintiff must have sustained an injury by means of a defective road or bridge and (2) the party whom the plaintiff is suing must be the party bound to keep [the location where the injury was sustained] in repair." (Internal quotation marks omitted.) *Novicki* v. *New Haven*, 47 Conn. App. 734, 739–40, 709 A.2d 2 (1998).

foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Bednarz* v. *Eye Physicians of Central Connecticut, P.C.*, 287 Conn. 158, 168–69, 947 A.2d 291 (2008). "[I]ssue-finding, rather than issue-determination, is the key to the procedure. . . . [T]he trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [Its] function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Internal quotation marks omitted.) *Curley* v. *Kaiser*, 112 Conn. App. 213, 220, 962 A.2d 167 (2009). Our review of the decision to grant a motion for summary judgment is plenary. *Mazurek* v. *Great American Ins. Co.*, 284 Conn. 16, 27, 930 A.2d 682 (2007). We therefore must decide whether the court's conclusions were legally and logically correct and find support in the record. *Curley* v. *Kaiser*, supra, 220.

In support of its motion for summary judgment, the defendant submitted affidavits from Daniel Figuenick, a Windsor police officer; James Bernard, a Windsor police sergeant; Wayne Radke, the operations manager for the defendant; and Tim Scully, a general supervisor for the department of transportation. It further submitted a police report, an insurance claim form and photograph of Palisado Avenue. In support of his opposition, the plaintiff submitted certain documents from the defendant's Internet site.

1

The plaintiff argues that the court improperly considered certain documents included with the defendant's motion for summary judgment. Specifically, the plaintiff contends that the court should not have taken into account the police report because it was not certified, the insurance claim form because it was not authenticated and the photograph because it was not authenticated. We quickly may dispose of this argument. The

court did not refer to any of these items in its decision rendering summary judgment in favor of the defendant. The court apparently did not consider these items in reaching its ultimate conclusion. Rather, the decision expressly cited the affidavits of Radke and Scully to determine that the defendant was not responsible for maintaining the roadway. Although it is axiomatic that a court *may* consider affidavits and other proof submitted with a party's motion for summary judgment, there is no indication in the present case that the court actually did so with respect to the police report, the insurance claim form and the photograph. See *Pepe* v. *New Britain*, 203 Conn. 281, 285–86, 524 A.2d 629 (1987); Practice Book § 17-45.

2

The plaintiff next claims that genuine issues of material fact are contained within the materials submitted to the court. The defendant attached Radke's affidavit, which stated that he was the operations manager for the defendant, that Palisado Avenue, also known as Route 159, is a state road, that employees of the defendant do not repair Route 159 and that the defendant is not the party bound to repair Route 159 at the locus of the plaintiff's collision. Radke further indicated that the state, as the party responsible for the road's condition, maintained and repaired Route 159. Scully's affidavit stated that, as a general supervisor for the department of transportation, he was responsible for maintaining state highways within his jurisdiction, including Route 159 at the site of the plaintiff's collision.[13]

---

[13] The plaintiff's challenges to Scully's affidavit are without merit. The plaintiff appears to argue that Scully is not, as he claimed, an employee of the state. This argument, however, is not supported by any evidence to challenge Scully's sworn statement to the contrary. We agree with the statement of the court that with respect to the issue of which party has the duty to keep Route 159 in repair, "the plaintiff has offered only speculation and conjecture . . . ." See also *Nolan* v. *Borkowski*, 206 Conn. 495, 507, 538 A.2d 1031 (1988) ("[s]uch speculative evidence . . . cannot serve as a basis for opposition to a motion for summary judgment").

Given the affidavits of Radke and Scully, which clearly established that the plaintiff's collision with the radar trailer occurred on a state road, the plaintiff had to produce sufficient evidence to present a genuine issue of material fact.[14] "It is not enough that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit. . . . Further, [i]t is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . Mere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." (Internal quotation marks omitted.) *Gianetti* v. *Anthem Blue Cross & Blue Shield of Connecticut*, 111 Conn. App. 68, 75, 957 A.2d 541 (2008), cert. denied, 290 Conn. 915, 965 A.2d 553 (2009); see also *Barasso* v. *Rear Still Hill Road, LLC*, 81 Conn. App. 798, 803, 842 A.2d 1134 (2004).

The plaintiff failed to present evidence establishing a genuine issue of material fact. Although he alleged that certain statements contained in Radke's affidavit were unsupported, he did not provide any evidentiary basis in support of those claims. Attached to the plaintiff's opposition was a printout from the defendant's Internet site that detailed certain activities performed on its roads. The mere fact that the defendant's Internet site indicated that winter sand and debris were swept

---

[14] "It necessarily follows that it is only [o]nce [a] defendant's burden in establishing his entitlement to summary judgment is met [that] the burden shifts to [a] plaintiff to show that a genuine issue of fact exists justifying a trial. 49 C.J.S. 366, [Judgments § 261 (b) (1997)]." (Internal quotation marks omitted.) *Rockwell* v. *Quintner*, 96 Conn. App. 221, 229, 899 A.2d 738, cert. denied, 280 Conn. 917, 908 A.2d 538 (2006).

from roads, including Route 159, does not create a genuine issue as to what entity, the defendant or the state, was responsible to keep Route 159 in repair. We note, however, that the defendant's Internet site further provides that "State roads are maintained by the State of Connecticut . . . ."

The plaintiff also challenges the affidavits of Figuenick and Bernard with respect to the issue of the location of the radar trailer prior to the collision. Both members of the defendant's police department stated that upon their arrival at the scene of the plaintiff's accident, the radar trailer was located within the shoulder of Route 159, entirely to the right of the white fog line. The plaintiff argues, however, that neither Figuenick nor Bernard identified the location of the radar trailer prior to the plaintiff's impact with it. We agree with the court's treatment of this argument: "For the purposes of this motion, however, the positioning of the radar trailer is not material. First, if the trailer is on the shoulder . . . then the trailer is on the highway and subject to the highway defect statute. . . . If the defect was not on the highway, but rather on unpaved land adjacent to the highway, then the plaintiff cannot sue the [defendant] pursuant to the highway defect statute." (Citation omitted.) To the extent that the plaintiff contends that the failure of Figuenick and Bernard to construct a diagram of the accident scene, to take measurements of the radar trailer and the plaintiff after the accident, to determine the point of impact and to take photographs was inconsistent with proper police procedure or challenged credibility, we note that the plaintiff failed to present evidence in support of this claim. Instead, he relies on speculation and conjecture, which, as we previously have noted, are insufficient to oppose a motion for summary judgment.

In summary, we conclude that the defendant established the lack of a genuine issue of material fact. The

plaintiff failed to present evidence that would raise such an issue. Accordingly, the court properly granted the defendant's motion for summary judgment.

## B

The plaintiff next claims that the rendering of summary judgment led to an absurd result with unintended and unworkable consequences. Specifically, he argues that under the facts and circumstances of this case, § 13a-149, the municipal highway defect statute and § 13a-144, the state highway defect statute, are irreconcilably in conflict and prevent the plaintiff from recovering from either governmental entity. We are not persuaded.

The plaintiff relies on *Rivers* v. *New Britain*, 288 Conn. 1, 950 A.2d 1247 (2008), for his argument. In that case, the plaintiff slipped and fell on ice that had accumulated on a public sidewalk in New Britain. Id., 4. The state owned the property abutting that sidewalk. Id. The defendant, the city of New Britain, had adopted an ordinance, pursuant to General Statutes § 7-163a, that shifted the duty of care and liability with respect to snow and ice on a public sidewalk to an abutting landowner. Id., 5. The state, however, successfully moved to dismiss the complaint on the ground that the location where the plaintiff fell was not part of the state highway system. Id. The defendant successfully moved for summary judgment on the basis of its special defense that it was not liable on the basis of the ordinance. Id. Our Supreme Court concluded that § 7-163a does not waive sovereign immunity, that it imposed no duty or liability on the state with respect to municipal sidewalks and that its application yielded an unworkable result when the state is an abutting landowner "because . . . neither the municipality nor the state had a duty to clear the sidewalk of ice and snow." Id., 9.

In the present case, the plaintiff argues that such a statutory paradox results as well under the facts and circumstances at issue. Specifically, he maintains that if a highway defect is caused by a third party, in this case the defendant, then, pursuant to § 13a-144, the state is absolved from all liability, as a result of that statute's sole proximate cause requirement. Thus, he claims that both the defendant and the state are shielded from liability and that he is prevented from recovering from either, resulting in an unworkable situation. We are persuaded that the plaintiff has misinterpreted the sole proximate cause standard.[15]

"To prove a breach of statutory duty under this state's defective highway statutes, the plaintiff must prove by a preponderance of the evidence: (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) *that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence.*" (Emphasis added; internal quotation marks omitted.) *Ormsby* v. *Frankel*, 255 Conn. 670, 675–76, 768 A.2d 441 (2001).

Our Supreme Court first identified the sole proximate cause standard for determining municipal liability under the predecessor to § 13a-149 in *Bartram* v. *Sharon*, 71 Conn. 686, 690, 43 A. 143 (1899). This doc-

[15] We also note that unlike the facts of *Rivers*, the court here did not render a judgment in favor of the state; instead, the plaintiff voluntarily withdrew his claims against the state. In other words, there was no judicial determination that the plaintiff could not proceed with his claim against the state or obtain a judgment on the merits in his favor.

trine of sole proximate cause has "embraced the notion that a municipality's liability under the defective highway statute may be defeated by a showing of negligence on the part of either the plaintiff or some third party." *Smith* v. *New Haven*, 258 Conn. 56, 62, 779 A.2d 104 (2001). In 1920, our Supreme Court applied the sole proximate cause standard to the state highway defect statute and has done so consistently since that time. See *White* v. *Burns*, 213 Conn. 307, 317–18, 567 A.2d 1195 (1990); see also *Perrotti* v. *Bennett*, 94 Conn. 533, 542, 109 A. 890 (1920).

Given that the locus of the plaintiff's accident was a state highway, the plaintiff could have maintained a statutory claim against the state pursuant to § 13a-144. To succeed on such a claim, he would have been required to establish, inter alia, that the defect itself was the sole proximate cause of his injuries. He claims, however, that because employees of the defendant caused the defect by placing the radar trailer on the state road, such a claim would have failed under the sole proximate cause requirement. This argument, however, overlooks the principle that "[*l*]*iability depends upon the existence of a defect, not the underlying causes which produced it.*" (Emphasis added.) *Agriesto* v. *Fairfield*, 130 Conn. 410, 417, 35 A.2d 15 (1943); see *Angelillo* v. *Meriden*, 136 Conn. 553, 556, 72 A.2d 654 (1950); see also *Machado* v. *Hartford*, 292 Conn. 364, 378, 972 A.2d 724 (2009) ("it is the *existence* of the defect and the town's actual or constructive knowledge of and failure to remedy the defect that are of primary importance in making out a prima facie case of municipal liability under § 13a-149" [emphasis in original]). Accordingly, we reject the plaintiff's argument that a statutory paradox exists leading to an unworkable result and conclude that the court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.