RAFFAELE PRIORE, COADMINISTRATOR (ESTATE OF TYLER PRIORE), ET AL. *v.* ROSE LONGO-MCLEAN, COADMINISTRATOR (ESTATE OF GEORGE LUCAS MCLEAN), ET AL.
(AC 33779)
(AC 33796)

Gruendel, Sheldon and Dupont, Js.

250

Argued March 14—officially released June 11, 2013

*Francis J. Drumm III*, with whom was *Anita M. Varunes*, for the appellants (named defendant et al.).

*Jay T. DonFrancisco*, for the appellees (apportionment defendant town of Wallingford et al.).

*Opinion*

DUPONT, J. The primary issue in this appeal is whether the liability of the alleged tortfeasors in the underlying action for damages arising out of a motor vehicle accident may be apportioned with a municipality and its employees. The defendants in the underlying action, George A. McLean and Rose Longo-McLean, in their capacity as coadministrators of the estate of George Lucas McLean, and George A. McLean, individually, appeal from the summary judgment rendered by the trial court in favor of the apportionment defendants, the town of Wallingford (town) and various town employees.[1] The trial court determined that the apportionment action was governed by the municipal highway defect statute, General Statutes § 13a-149,[2] and

---

[1] The two apportionment complaints were filed against the town of Wallingford and John P. Thompson, Robert V. Baltramaitis, Henry McCully, Edward Niland, Douglas Dortenzio, and Sal Sandillo, employees of the town. The summary judgment motion was filed on behalf of the town of Wallingford and each named employee except Sandillo. Sandillo, therefore, is not a party to this appeal.

[2] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section

that, therefore, liability of the defendants could not be apportioned. The defendants claim that the court erred when it (1) construed the facts and allegations in their two similar apportionment complaints as raising a claim exclusively within the scope of § 13a-149, and (2) determined that the apportionment defendants were entitled to summary judgment because it improperly concluded that apportionment was not permitted under that statute. We affirm the judgment of the trial court.

A resolution of these issues requires a brief review of the pleadings filed in this case prior to the filing of the two apportionment complaints, and of the facts alleged in those pleadings. On December 16, 2009, the plaintiffs, Raffaele Priore and Cheryl Priore, both individually and as coadministrators of the estate of their son, Tyler Priore, commenced the underlying action against the defendants. The underlying complaint sought damages arising from a single automobile accident in which Tyler Priore, a passenger in the car, and George Lucas McLean, the sixteen year old driver of the car, were both killed.[3] The underlying complaint alleged that on January 20, 2008, George Lucas McLean lost control of the vehicle while driving and caused the car to crash in the vicinity of 592 Williams Road in Wallingford, and alleged various claims for damages arising from negligence, recklessness, negligent entrustment of a motor vehicle and bystander emotional distress. The underlying complaint does not name the town or any town employees as defendants in that action, and the action has yet to be resolved.

shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

[3] The automobile was owned by George A. McLean, George Lucas McLean's father.

Subsequently, in lieu of filing an answer, the defendants filed two separate apportionment complaints[4] against the apportionment defendants in which they sought an apportionment of liability with the town and the six named town employees.[5] In these apportionment complaints, the defendants alleged acts of negligence by the individual town employees in connection with a town construction project to install a drainage system in the road on which the fatal accident had occurred, and alleged that if the plaintiffs had suffered injuries, damages and losses, it was due to that negligence. They also alleged that the named town employees were negligent in designing and supervising the construction project and failing to warn drivers of its hazards. Further, they claimed that the town was required to indemnify these employees for their negligent conduct, and could be held liable for a proportionate share of any damages

[4] The defendants cite General Statutes §§ 52-572h and 52-102b in all of the eight counts of their apportionment complaints as the basis for the apportionment of liability. General Statutes § 52-102b (a) provides in relevant part: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said action for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. . . ."

General Statutes § 52-572h (c) provides in relevant part: "In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable economic damages and the recoverable noneconomic damages . . . ."

[5] We agree with the trial court that the fact that two separate apportionment complaints were filed on May 21, 2010 and May 25, 2010, does not affect our decision. One apportionment complaint was filed by the coadministrators of the estate of George Lucas McLean and the other by George A. McLean, individually. The trial court stated in its memorandum of decision that "[t]here are two apportionment complaints because George [Lucas] McLean's parents *qua* parents and his parents *qua* coadministrators of his estate are separately represented, but the various [defendants] have adopted each other's arguments, so none of these complexities matter here." (Emphasis in original.)

awarded. The defendants claimed relief pursuant to General Statutes §§ 52-572h and 52-557n.[6]

On April 26, 2011, the apportionment defendants filed a motion for summary judgment as to both apportionment complaints, claiming that there was no material issue of fact in dispute because the undisputed facts as alleged required application of § 13a-149, the municipal highway defect statute, and apportionment of liability is prohibited in causes of action created by that statute. The defendants objected to the motion, contending that the claims in their two apportionment complaints were not highway defect claims. Following oral argument, the trial court agreed with the apportionment defendants, concluding that the undisputed facts were necessarily considered as a claim governed by § 13a-149, and, as such, liability could not be apportioned. The court therefore granted the apportionment defendants' motion for summary judgment. This appeal followed.[7]

"Our standard of review is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding

---

[6] General Statutes § 52-557n provides in relevant part: "(a) (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; *provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. . . .*" (Emphasis added.)

[7] The defendants, Rose Longo-McLean and George A. McLean, as coadministrators of the estate of George L. McLean, had sought to defer their appeal by filing a July 25, 2011 notice of intent to appeal. The trial court sustained the apportionment defendants' objection. Rose Longo-McLean and George A. McLean, as coadministrators of the estate of George L. McLean, thereafter appealed timely.

The defendant, George A. McLean, individually, also had filed an August 12, 2011 notice of intent to appeal. The trial court sustained the apportionment defendants' objection on the basis that the August 12, 2011 notice was not filed timely. George A. McLean, individually, thereafter filed a motion to file a late appeal, which this court granted.

a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant [a] . . . motion for summary judgment is plenary. . . .

"An appellate court's review of a trial court decision is circumscribed by the appropriate standard of review. . . . When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Bridgeport* v. *White Eagle's Society of Brotherly Help, Inc.*, 140 Conn. App. 663, 667–68, 59 A.3d 859 (2013).

I

The defendants first claim that the trial court erred when it concluded that the apportionment complaints were highway defect claims. They contend that the apportionment complaints were brought pursuant to §§ 52-572h and 52-557n, which govern negligence actions against municipalities, and, thus, liability could be apportioned pursuant to General Statutes § 52-102b.[8]

---

[8] The present appeal does not involve a determination of whether the complaint in the underlying action against the coadministrators of the estate of George Lucas McLean and George A. McLean, individually, will eventually lead to a judgment of damages against those defendants for the death of Tyler Priore, but, rather, this appeal involves a determination of whether, if such a judgment is rendered, the town and its employees may be liable for a proportionate share of those damages, payable to those defendants pursuant to § 52-572h.

They further contend that the apportionment complaints could not properly be considered as highway defect claims because they did not adequately allege facts necessary to construe them as actions governed by § 13a-149.[9] We are not persuaded.

The question we must resolve in this case is whether the defendants' apportionment claims are sustainable in light of § 13a-149. The absence of a citation to that statute in the apportionment complaints is not controlling if, as a matter of law, the specific allegations of a pleading are sufficient to invoke § 13a-149. *Ferreira* v. *Pringle*, 255 Conn. 330, 340, 766 A.2d 400 (2001). "[T]he absence of citation to § 13a-149 . . . is of no importance, as a complaint may still contain allegations sufficient to invoke that statute." *Himmelstein* v. *Windsor*, 116 Conn. App. 28, 39, 974 A.2d 820 (2009), aff'd, 304 Conn. 298, 39 A.3d 1065 (2012). Accordingly, although the defendants did not allege that their claims are highway defect claims, § 13a-149 may nonetheless govern the outcome of this dispute.

"Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law . . . . [A] highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . . [I]f there is a defective condition that is not in the roadway, it must be so direct a menace to

---

[9] The defendants also argue that their apportionment complaints are not properly construed pursuant to § 13a-149 because they sought only an apportionment of liability, rather than damages, and the plain language of § 13a-149 governs only actions for damages. We are not persuaded. We are aware of no case law that would make § 13a-149 inapplicable to a highway defect claim solely because the relief requested was for an apportionment of liability, rather than monetary damages, and the defendants have cited none.

travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a lack of reasonable repair. . . .

"To fall within the statute . . . a person must [simply] be on the highway for some legitimate purpose connected with travel thereon . . . . Nor does the defect have to be on the actual traveled portion of the highway. . . . Reasonable latitude is allowed to meet the exigencies of travel. . . . Furthermore, a highway is defective within the meaning of § 13a-149 when it is not reasonably safe for public travel, and the term public travel refers to the normal or reasonably anticipated uses that the public makes of a highway in the ordinary course of travel." (Citation omitted; internal quotation marks omitted.) *Bellman* v. *West Hartford*, 96 Conn. App. 387, 394–95, 900 A.2d 82 (2006).

The apportionment complaints specifically allege that "a construction project [resulted] in a narrowing of Williams Road, producing an uneven road surface, permitting the existence of a raised and exposed catch basin and which was left unlit in the area where the motor vehicle accident alleged by the plaintiffs occurred. . . . The construction project in and around the accident failed to have any signs, cones, barrels, markings, lights or warnings whatsoever that would have alerted drivers of the impending construction area. . . . On January 20, 2008, George Lucas McLean was driving on Williams Road when he suddenly came upon the unsigned and unmarked construction area, causing him to lose control of his vehicle and collide with a tree causing his death and the death of Tyler Priore."

These pleadings clearly raise a claim that is properly governed by § 13a-149. The defendants allege that a municipal road was unsafe for public travel because of

the condition of the road caused by the town's construction project, which is sufficient to satisfy the pleading requirements of the statute, regardless of whether they specifically brought their claims pursuant to § 13a-149. See *Ferreira* v. *Pringle*, supra, 255 Conn. 340–41 (concluding as matter of law that allegations in complaint invoked highway defect statute and plaintiff's exclusive remedy was therefore § 13a-149). The claims asserted by the defendants necessarily invoke § 13a-149 because they "contemplate that the plaintiff[s'] injury occurred as a result of a defective road that the town was bound to keep . . . in repair." (Internal quotation marks omitted.) Id., 343; see also *Machado* v. *Hartford*, 292 Conn. 364, 380–81, 972 A.2d 724 (2009) (allegations of negligence in roadwork creating defect in roadway that caused plaintiff's injuries properly invoked § 13a-149).

In arguing that their apportionment complaints do not allege a claim under the highway defect statute, the defendants rely on *Kumah* v. *Brown*, 127 Conn. App. 254, 14 A.3d 1012 (2011), aff'd, 307 Conn. 620, 58 A.3d 247 (2013), in which this court held that the plaintiffs' claims against the defendant town were not barred by governmental immunity such that the town could be held liable for the alleged negligence of town officials when, inter alia, fire truck and lane closures were not adequately marked, resulting in an accident. Id., 257–58. The defendants' reliance on *Kumah* is misplaced, however, because the plaintiffs in that case did not argue that the defendant's negligence claims were within the purview of § 13a-149, but rather that they were barred by governmental immunity. Moreover, in *Kumah*, the plaintiffs did not allege that the town was "bound to keep [the road where the accident occurred] in repair" pursuant to § 13-149 because the accident at issue occurred on a major interstate highway. Id., 263. Conversely, in the present case, no party disputes that the road where the fatal accident occurred was a municipal

road, maintained by the town, and that the construction project on the road was undertaken by the town.[10]

Furthermore, our Supreme Court has "construed § 52-557n . . . to provide that, in an action against a municipality for damages resulting from a highway defect, the defective highway statute [§ 13a-149] is the plaintiff's *exclusive remedy. Wenc* v. *New London*, 235 Conn. 408, 412–13, 667 A.2d 61 (1995); *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 192, 592 A.2d 912 (1991); see also General Statutes § 52-557n (a) (1) (C) ('no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149')." (Emphasis added.) *Ferreira* v. *Pringle*, supra, 255 Conn. 341. Thus, because the allegations of the apportionment complaints fall within the purview of § 13a-149, that statute provides the exclusive remedy in this case.[11] The trial court, therefore, properly determined that the defendants' claims were claims for apportionment under the municipal highway defect statute and, accordingly, properly granted the apportionment defendants' motion for summary judgment.

## II

The defendants alternatively argue that, even if their apportionment action is properly construed as a claim

---

[10] The seventh and eighth counts in both apportionment complaints describe the town as an apportionment defendant and also allege that pursuant to General Statutes § 7-465, the town is required to indemnify the named employees for their negligent conduct. General Statutes § 7-465 (a) provides in relevant part that "[a]ny town . . . shall pay on behalf of any employee . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded . . . for physical damages to person or property . . . ." Even if the town had not been named as an apportionment defendant, however, our Supreme Court has held that the highway defect statute precludes actions against municipal officers as "a means of circumventing § 13a-149." *Ferreira* v. *Pringle*, supra, 255 Conn. 354.

[11] Because § 13a-149 is the defendants' exclusive remedy, the possibility of apportionment in a negligence action is not relevant to this appeal, and

under § 13a-149, the trial court nonetheless erred in granting summary judgment to the apportionment defendants because apportionment is not barred by § 13a-149. We disagree.

We have held that in order for a plaintiff to obtain relief under the highway defect statute, the municipality must be the sole cause of the injury. "To prove a breach of statutory duty under this state's defective highway statutes, the plaintiff must prove by a preponderance of the evidence: (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect *must have been the sole proximate cause of the injuries and damages claimed* . . . ." (Emphasis added; internal quotation marks omitted.) *Bovat* v. *Waterbury*, 258 Conn. 574, 583–84, 783 A.2d 1001 (2001). In the present case, the apportionment complaints, as we have already discussed, were properly considered as highway defect claims against the apportionment defendants. We next consider whether liability can be apportioned under § 13a-149.

More than one hundred years ago, in *Bartram* v. *Sharon*, 71 Conn. 686, 690, 43 A. 143 (1899), our Supreme Court first identified sole proximate cause as the standard for determining municipal liability for a town highway defect pursuant to a 1672 statute. "In *Bartram*, the court acknowledged that, under the statute [General Statutes § 2673, precursor to § 13a-149], a municipality should be held responsible for any injuries

we consider only whether an apportionment complaint may coexist with a highway defect action.

resulting from a defect in the highway of which the town knew or should have known, and that the town failed or neglected to repair despite having reasonable time to do so. . . . '[I]t is the statute only, which entitles the plaintiff to compensation for his injury when that injury is caused through or by means of a defect in the highway. If the negligence of himself *or of a third person* is also a proximate cause, he cannot say with truth that he was injured by the defect; [the plaintiff] can only say with truth that he was injured by his own or another's carelessness and the defect, and the two combined give no cause of action under the statute.' " (Citation omitted; emphasis in original.) *Smith* v. *New Haven*, 258 Conn. 56, 61–62, 779 A.2d 104 (2001)

"Thus, from the inception of the sole proximate cause doctrine, we have embraced the notion that a municipality's liability under the defective highway statute may be defeated by a showing of negligence on the part of either the plaintiff or some third party. See *Sanzone* v. *Board of Police Commissioners*, [supra, 219 Conn. 197] ('[§] 13a-149 does not permit recovery unless the defect was the sole proximate cause of the injury, even if the concurring cause was a third party's negligence'); *Roth* v. *MacDonald*, 124 Conn. 461, 463, 200 A. 725 (1938) (driver's negligence was contributing factor to accident, relieving municipality of liability for passengers' injuries); *Messina* v. *New Haven*, 119 Conn. 166, 168, 174 A. 188 (1934) ('when an injury results from a defect combined with the culpable negligence of a third party it cannot be said to have been caused by the defect, and cannot be made the subject of recovery under the statute giving a right of action against a municipality for injuries resulting from such defect')." *Smith* v. *New Haven*, supra, 258 Conn. 62.

In *Bradley* v. *Randall*, 45 Conn. App. 924, 696 A.2d 1323, cert. denied, 243 Conn. 923, 701 A.2d 339 (1997), in a per curiam opinion, we affirmed a trial court's

decision, which held that a municipality cannot be an apportionment defendant based on allegations of injuries caused by a defective highway. The trial court in that case had reasoned that in order for apportionment of liability to apply, the apportionment plaintiffs would need to be found partly responsible for the plaintiff's injuries, and thus, the highway defect could not be the sole proximate cause of the accident. *Bradley* v. *Randall*, Superior Court, judicial district of Windham, Docket No. CV 95-0052173 (April 8, 1996) (18 Conn. L. Rptr. 636), aff'd, 45 Conn. App. 924, 696 A.2d 1323, cert. denied, 243 Conn. 923, 701 A.2d 339 (1997). Similarly, in the present case, the trial court determined that because the sole proximate cause doctrine precludes municipal liability where the plaintiff or a third party is contributorily negligent in causing an injury, apportionment of liability is not possible under the statute. Specifically, the court explained that "[u]nless [the driver, George Lucas] McLean's negligence is deemed to have proximately caused [the plaintiffs'] damages, there will be no basis for apportionment. But if [the driver] is found liable, such a finding would completely defeat any claim against the [apportionment defendants] under § 13a-149. . . . Consequently, there would be no basis to apportion anything against these parties. . . . For this reason, an apportionment complaint cannot be filed here." (Citations omitted; internal quotation marks omitted.)

We agree with the trial court's conclusion in this case. An action against the apportionment defendants cannot be sustained unless they were the sole proximate cause of the plaintiffs' injuries. If the allegations in the underlying cause of action are eventually proven, namely, that the third party driver of the vehicle, George Lucas McLean, negligently caused the death of Tyler Priore, then the apportionment defendants—the town and its

various employees—cannot logically be the sole proximate cause of the plaintiffs' injuries. Conversely, if the defendants are not proven liable for any damages in the underlying action, then there will be no reason for apportionment. We conclude, therefore, that the court properly granted the apportionment defendants' motion for summary judgment as to both apportionment complaints.

The judgment is affirmed.

In this opinion the other judges concurred.