ADRIAN STROUD *v*. MID-TOWN TIRE AND
SUPPLY, INC., ET AL.
(AC 34946)

Lavine, Keller and Mihalakos, Js.

Argued September 17—officially released December 3, 2013

*Stephen F. McEleney,* with whom, on the brief, was *Emily A. Peterson,* for the appellant (plaintiff).

*Nicholas N. Ouellette*, with whom were *Matthew Dallas Gordon* and, on the brief, *Ruth A. Kurien*, for the appellee (defendant Dennis Distefano).

*Opinion*

KELLER, J. The plaintiff, Adrian Stroud, appeals from the judgment of the trial court dismissing count three of his complaint, which was brought against the defendant Dennis Distefano.[1] The plaintiff claims that the court improperly granted the defendant's motion to dismiss. We affirm the judgment of the trial court.

In his complaint,[2] the plaintiff alleged that, at times relevant, Mid-Town Tire & Supply, Inc. (Mid-Town), was in the business of providing towing and related moving services. On March 24, 2008, the Middletown Board of Education (board) employed Mid-Town to move a storage container located on the premises of Middletown High School, which is located on Huntinghill Avenue in Middletown (city). In furtherance of this task, employees, agents or servants of Mid-Town, namely, John DeCrosta, Lawrence Juczak and Michael Rosevear, positioned a tow truck on the east side of Huntinghill Avenue, facing south. They stretched a winch cable from the tow truck, across the width of Huntinghill Avenue, to the storage container positioned near the western side of the road.

---

[1] This appeal arises from two civil actions that were consolidated by the trial court. In the first action, the plaintiff brought claims sounding in negligence against the named defendant, Mid-Town Tire & Supply, Inc., as well as defendants Lawrence Juczak, Michael Rosevear, John DeCrosta and Dennis Distefano. In the second action, the City of Middletown brought claims against Mid-Town Tire & Supply, Inc., seeking, among other damages, the reimbursement of workers' compensation payments made to the plaintiff. See footnote 2 of this opinion. For purposes of the present appeal, we refer to Adrian Stroud as the plaintiff and to Dennis Distefano as the defendant.

[2] The court granted the motion of the City of Middletown to intervene in the plaintiff's action on the ground that it had a right of reimbursement for sums paid to the plaintiff in the form of workers' compensation benefits.

The plaintiff alleged that, at times relevant, he was a Middletown police officer acting in the performance of his police duties. On the morning of March 24, 2008, he was assigned to a traffic post in the vicinity of Mid-Town's job site on Huntinghill Avenue and, between 11 and 11:30 a.m., he proceeded in his police cruiser, in a southerly direction on Huntinghill Avenue, to that location. By the time that he reached the location of the storage container, Mid-Town's workers were in the process of moving it. The plaintiff, unaware that the winch cable was running across his lane of travel, violently collided with the cable "which was obstructing Huntinghill Avenue." The plaintiff alleged that Mid-Town and its workers were negligent in a number of ways and that such negligence caused him injury.

In count three of his complaint, which incorporated by reference the other two counts of the complaint, the plaintiff alleged that, at times relevant, the defendant "was an employee of the Board of Education of the City of Middletown and was acting in the scope of that employment." Additionally, the plaintiff alleged: "The aforesaid collision between the police cruiser and the winch cable was the direct and proximate result of the contributory negligence and carelessness of [the defendant] in that he may have told one of the remaining defendants in this action to proceed with the moving of the storage container by a winch cable stretched across Huntinghill Avenue even though he knew, or should have known, said action should not have taken place until the [p]laintiff . . . was safely positioned at the traffic post to which he was assigned."

The defendant filed a motion to dismiss the third count of the plaintiff's complaint on the ground that the allegations set forth therein amounted to "a cause of action against a municipality or its employees for injuries attributable to a defective roadway . . . ." The defendant argued that pursuant to General Statutes

§ 52-557n, the plaintiff's exclusive remedy was to bring a claim pursuant to the municipal highway defect statute, General Statutes § 13a-149. The defendant asserted that insofar as the plaintiff did not satisfy the notice requirements of § 13a-149,[3] he did not properly bring a claim pursuant to that statute and, thus, his claim should be dismissed for lack of subject matter jurisdiction.

In opposing the defendant's motion, the plaintiff asserted that his cause of action sounded in negligence. He argued that the action could not properly have been brought pursuant to § 13a-149 because he brought the action against the defendant, an employee of the board, which was not responsible for the maintenance of the roadways in the city, rather than against the city itself. Additionally, the plaintiff asserted that "[t]here is and will be a factual dispute that at the time of the accident, Huntinghill Avenue was closed." (Emphasis in original.) On this ground, the plaintiff argued, Huntinghill Avenue was not a roadway within the purview of § 13a-149.

In reply, the defendant asserted that insofar as the complaint alleged that, at times relevant, he "was an employee of the Board of Education of the City of Middletown and was acting in the scope of that employment," he also was an employee of the city, and the city was obligated to keep the road in repair. Further, the defendant argues that the claim that he negligently caused physical injury in the performance of his duties effectively imposes liability on the municipality

---

[3] The defendant submitted an affidavit from Sandra Russo-Driska, the town clerk for the City of Middletown, in which she averred, in relevant part, that the city "is responsible for and charged with the maintenance and repair of Huntinghill Avenue located in Middletown, Connecticut" and that the city's business records did not reflect that the plaintiff provided notice to the city of his injuries resulting from the events of March 24, 2008, on Huntinghill Avenue. Before the trial court, these averments were not challenged by the plaintiff. Likewise, before this court, the plaintiff has acknowledged that the city was responsible for maintaining Huntinghill Avenue and that he did not provide notice to the city pursuant to § 13a-149.

employing him, because, under the circumstances present, General Statutes § 7-465 (a) would obligate the city to indemnify the defendant for his negligent acts. The defendant asserted that the plaintiff's unsubstantiated assumption that Huntinghill Avenue was closed at the time of the accident belied the facts alleged in the complaint as well as the facts implied from those allegations. Specifically, the defendant argued that the complaint reflects that the plaintiff arrived on the scene for the purpose of *closing* Huntinghill Avenue to public travel, but that it was not closed at the time of the accident at issue.

The court held a hearing with regard to the motion to dismiss. Thereafter, the court issued a memorandum of decision in which it granted the defendant's motion to dismiss. The court agreed with the defendant that the plaintiff failed to bring his claim pursuant to § 13a-149, his exclusive remedy. The court concluded that the condition at issue in the plaintiff's complaint, namely, a winch cable stretched across the travel lanes of Huntinghill Avenue, clearly brought the claim within the purview of the municipal highway defect statute. Further, the court concluded that, pursuant to § 7-465 (a), the defendant was an employee of the city and that, if the count were to proceed, the city ultimately would be liable for his negligent acts. This appeal followed.

"The standard of review for a court's decision on a motion to dismiss [under Practice Book § 10-31 (a) (1)] is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those

alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Dayner* v. *Archdiocese of Hartford*, 301 Conn. 759, 774, 23 A.3d 1192 (2011).

Section 52-557n (a) (1) provides in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . [t]he negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149."

Section 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . ."

"A town is not liable for highway defects unless made so by statute. . . . Section 13a-149 affords a right of recovery against municipalities. . . . We have construed § 52-557n . . . to provide that, in an action against a municipality for damages resulting from a highway defect, the defective highway statute is the plaintiff's exclusive remedy. . . . In addition, because § 7-465 (a) requires a municipality to indemnify its officers for their negligent acts, § 52-557n also bars a joint action seeking damages against a municipality and its officer for damages resulting from a highway defect." (Citations omitted; internal quotation marks omitted.) *Ferreira* v. *Pringle*, 255 Conn. 330, 341, 766 A.2d 400 (2001). "[B]ecause municipal liability under § 13a-149 is predicated exclusively on the town's failure to carry out its statutory duty [to keep its roads in repair], it follows that the manner in which a defect is created in and of itself has no bearing on the town's liability under the statute. Rather, it is the *existence* of the defect and the town's actual or constructive knowledge of and failure to remedy that defect that are of primary importance in making out a prima facie case of municipal liability under § 13a-149." (Emphasis in original.) *Machado* v. *Hartford*, 292 Conn. 364, 377–78, 972 A.2d 724 (2009).

"We have held that a highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . ." (Internal quotation marks omitted.) *McIntosh* v. *Sullivan*, 274 Conn. 262, 268–69, 875 A.2d 459 (2005). On appeal, it is not claimed that the alleged obstruction of Huntinghill Avenue by means of the winch cable did not constitute a defect in the path of travel which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling

thereon. All of the plaintiff's alleged injuries were sustained as a result of his collision with this defect.

First, the plaintiff urges us to conclude that his claim did not fall under the purview of the municipal highway defect statute because he did not bring his claim against the city, the entity that statutorily was obligated to keep the road in repair. He argues that he merely alleged that the defendant was an employee of the board, not an employee of the city, and the board was not bound to keep Huntinghill Avenue in repair.

We acknowledge the plaintiff's argument that there is a distinction between the city and its board of education, and that, in certain contexts, the distinction between the city and the board is significant. Nonetheless, for purposes of the present inquiry concerning the highway defect statute, the allegations of the plaintiff's complaint, which we must accept as true in evaluating the plaintiff's claim, establish that the defendant was acting as an employee of the city during the events at issue.[4] Although the plaintiff disavows the notion that he brought a claim against the city, he unambiguously alleged that the defendant's negligent conduct occurred while the defendant "was an employee of the Board of Education of the City of Middletown and was acting in the scope of that employment." The plaintiff alleged that the defendant may have taken direct action to create the defective condition at issue in that he may have directed others to proceed with the moving of the storage container by means of the winch cable. It is well settled that " 'members of a local board of education are officers of the town they serve and that the persons employed by them in the performance of their statutory functions are employees of the town.' " *Board of Education* v. *State Employees Retirement Commission*, 210

---

[4] The uncontested facts before the court reflect that the city controlled Huntinghill Avenue and that it had the ultimate responsibility of keeping it in repair. See footnote 3 of this opinion.

Conn. 531, 545, 556 A.2d 572 (1989), quoting *Cheshire* v. *McKenney*, 182 Conn. 253, 259–60, 438 A.2d 88 (1980).[5] The implication of the plaintiff's complaint is that by the defendant's alleged involvement in the activities concerning the storage container, the defendant was not engaged in a personal frolic but was acting in the performance of a statutory function on behalf of his employer. Accordingly, for purposes of the present action, the plaintiff has brought a highway defect claim against an employee of the municipality charged with keeping the roadway in repair.[6]

---

[5] "[I]t bears emphasis that the issue of whether an employee of a municipal board is also an employee of the municipality served by the board has arisen only in the context of boards of education. That the issue has arisen at all stems from the fact that our jurisprudence has created a dichotomy in which local boards of education are agents of the state for some purposes and agents of the municipality for others. . . .

"Thus, on those few occasions when we have considered the issue, it has been in connection with an effort—either by the employee of a board of education or by a board of education itself—to exploit this dichotomy to some advantage by claiming that board of education employees are employees of the board alone rather than the municipality served by the board. . . . We rejected this claim in each of the foregoing cases, concluding that the board's dual agency in no way undercut the employer-employee relationship between the municipality and the board's employees." (Citations omitted; internal quotation marks omitted.) *Rettig* v. *Woodbridge*, 304 Conn. 462, 478–79, 41 A.3d 267 (2012).

[6] Thus, the present case may be distinguished on its facts from *Kumah* v. *Brown*, 307 Conn. 620, 58 A.3d 247 (2012), on which the plaintiff relies. In *Kumah*, our Supreme Court held that a nuisance claim brought against a municipality did not fall within the ambit of § 13a-149 when the plaintiffs had alleged that the nuisance at issue was created by the municipality on a state highway that the municipality was not legally responsible for maintaining. Id., 633–34. Likewise, the plaintiff's reliance on *Novicki* v. *New Haven*, 47 Conn. App. 734, 709 A.2d 2 (1998), is unavailing. In *Novicki*, this court upheld the judgment dismissing the plaintiff's complaint against the City of New Haven on the ground that the complaint did not fall within the ambit of § 13a-149 because there was uncontroverted evidence that the New Haven Board of Education, and not the City of New Haven, was the entity bound to repair the road on which the plaintiff's injuries allegedly occurred. Id., 741–42. In the present case, it is uncontroverted that the city was obligated to maintain the road on which the plaintiff allegedly sustained injury. See footnote 3 of this opinion.

Second, the plaintiff argues that the trial court improperly relied on § 7-465 because he did not file a notice with the city under that provision and, insofar as the defendant was not acting in the performance of a duty to maintain the road at issue, the defendant was not "an employee" under that provision. Section 7-465 (a) provides in relevant part: "Any town, city or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for . . . physical damages to person or property . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damages was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . . No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose and written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued. . . . As used in this section, 'employee' includes . . . a member of a town board of education and any teacher . . . or other person employed by such board . . . ."

The court did not state that the plaintiff had relied on § 7-465, and it is of no consequence to our analysis that the plaintiff, who does not appear to have manifested an intention to bring a claim against the city and the defendant *jointly*, has not filed a notice with the city clerk pursuant to that statute. The court observed

that, if the plaintiff's claim were allowed to stand, it would "circumvent the intended exclusivity of § 13a-149" because § 7-465 requires the city to indemnify its employees for their negligent acts. Likewise, the plaintiff's argument that there is no allegation that the defendant was acting within the scope of a clearly delineated duty on his part to keep Huntinghill Avenue in repair is not persuasive. The plaintiff has alleged facts sufficient to implicate § 7-465 insofar as he has alleged facts sufficient to demonstrate that the defendant was employed by the city and the negligent acts complained of were for "physical damages to person or property" and occurred while the defendant was acting in the scope of his employment. The court properly observed that such a claim against a municipal employee in his individual capacity was improper. Indeed, our Supreme Court has recognized that claims of such a nature, circumventing § 13a-149, "serve as a veiled attempt to impose liability on the municipality." *Ferreira* v. *Pringle*, supra, 255 Conn. 344. Moreover, that court has held that "a town may not be held liable for damages caused by highway defects under § 7-465 (a), since this would allow a plaintiff to circumvent the requirements of § 13a-149 by suing a municipal employee and seeking indemnification from the town." *Pratt* v. *Old Saybrook*, 225 Conn. 177, 180, 621 A.2d 1322 (1993); see also *Steele* v. *Stonington*, 225 Conn. 217, 622 A.2d 551 (1993) (plaintiff may not seek indemnification from municipality under § 7-465 by circumventing requirements of § 13a-149 and characterizing § 13a-149 claim as one sounding in negligence).

Lastly, the plaintiff argues that the court erred by "ignoring" a disputed issue of fact, namely, whether Huntinghill Avenue was closed at the time of the accident. The plaintiff notes, correctly, that one cannot sustain an action under § 13a-149 without a showing that the road at issue was an open, public road. See, e.g.,

*Read* v. *Plymouth,* 110 Conn. App. 657, 664–65, 955 A.2d 1255, cert. denied, 289 Conn. 955, 961 A.2d 421 (2008). The court's memorandum of decision is silent with respect to this issue which, as it appears from the submissions of the parties before the trial court, was raised in the context of the defendant's motion to dismiss. Thus, the record does not support the plaintiff's contention that the court ignored the issue, but simply that it did not address it.

In any event, the plaintiff's argument is not compelling because there is nothing in the pleadings, the facts reasonably implied from the pleadings and the existing record to give rise to an issue as to whether Huntinghill Avenue was open to public travel at the time of the accident. For example, the plaintiff alleged merely that he proceeded to the location of the accident in his police cruiser and that Mid-Town and the other defendants acted negligently insofar as they failed to take any measures "to warn any oncoming vehicle of the presence of the cable in the travel portion of the roadway" and "by failing to assure that Huntinghill Avenue was completely secured from any and all motor vehicle traffic prior to raising the cable across the width of Huntinghill Avenue." These allegations do not, as a matter of law, reflect that the plaintiff's claim did not fall within the purview of § 13a-149.

We must read the complaint "broadly and realistically." (Internal quotation marks omitted.) *Grenier* v. *Commissioner of Transportation,* 306 Conn. 523, 536, 51 A.3d 367 (2012). The allegations of the plaintiff's complaint invoke §§ 52-557n (a) (1) and 13a-149 insofar as they allege the existence of a highway defect that arose because of the negligent conduct of a municipal employee who was acting within the scope of his employment with the municipality. See *Ferreira* v. *Pringle,* supra, 225 Conn. 353–54; *Priore* v. *Longo-McLean,* 143 Conn. App. 249, 257–58, 70 A.3d 147 (2013)

(allegation that municipal road was unsafe for public travel because of municipal project that affected safety of road "sufficient to satisfy the pleading requirements of [§ 13a-149], regardless of whether [claims were brought pursuant to that statute]"). "Even if a plaintiff does not plead § 13a-149 as a means for recovery, if the allegations in the complaint and any affidavits or other uncontroverted evidence necessarily invoke the defective highway statute, the plaintiff's exclusive remedy is § 13a-149. If § 13a-149 applies, the plaintiff must comply with the notice provisions set forth therein in order for the trial court to have subject matter jurisdiction." *Bellman* v. *West Hartford*, 96 Conn. App. 387, 393–94, 900 A.2d 82 (2006). The plaintiff's claim is premised on the existence of a highway defect. Because § 13a-149 is the exclusive remedy for such a claim, the court properly dismissed the defendant's claim against the defendant.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] Additionally, we observe that insofar as the plaintiff has received workers' compensation benefits from the city for his injuries sustained while on duty as a police officer employed by the city, his attempt to bring a cause of action against the defendant by which he could obtain payment from the city runs afoul of the exclusivity provision of the Workers' Compensation Act (act), General Statutes § 31-275 et seq. "The purpose of the [act] . . . is to provide compensation for injuries arising out of and in the course of employment, regardless of fault. . . . Under the [act], the employee surrenders his right to bring a common law action against the employer, thereby limiting the employer's liability to the statutory amount. . . . In return, the employee is compensated for his or her losses without having to prove liability. . . . In a word, [the act] compromise[s] an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation. . . . The intention of the framers of the act was to establish a speedy, effective and inexpensive method for determining claims for compensation." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 672, 748 A.2d 834 (2000).